# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-813-AB (AGR) | Date | September 13, 2019 |
| Title | Geechie Devain Templeton v. Jose Esquetini, et al. | | |

Present: The Honorable **Alicia G. Rosenberg, United States Magistrate Judge**

| Karl Lozada | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not present  None

**Proceedings:** In Chambers: ORDER TO SHOW CAUSE WHY DEFENDANT FAST SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION NECESSARY FOR SERVICE OF PROCESS

On April 30, 2019, Plaintiff, a federal inmate proceeding *pro se* and in forma pauperis, filed a civil rights complaint alleging violations of his civil rights by the medical staff and correctional officers at the USP Victorville identified as "Jose Esquetini," "Alamilla (First Name Unknown) "FNU" "Blair (FNU)," "RIVERA (FNU)," "Meriscal (FNU)," "Park (fnu)," "Johnston (fnu)," "Fast (fnu)," "Leen (fnu)," and "Delay (fnu)," sued in their individual capacities. On May 8, 2019, the Court issued an order directing the U.S. Marshal to serve process on Defendants. (Dkt. No. 6.) All Defendants were successfully served except Defendant Fast. (Dkt. Nos. 11 - 28.) Defendant Fast was not served. (Dkt. No. 29.)

The process receipt filed on September 9, 2019, indicates that Fast could not be served because "Fast no longer works for BOP. BOP could not locate this defendant." (Dkt. No. 29.)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-813-AB (AGR) | Date | September 13, 2019 |
|---|---|---|---|
| Title | Geechie Devain Templeton v. Jose Esquetini, et al. | | |

put on notice, dismissal without prejudice is appropriate. *Walker,* 14 F.3d at 1421-22.

    Plaintiff may be able to obtain further identifying information about Fast by propounding discovery, such as interrogatories and/ or requests for production of documents propounded on defendants or via a third party subpoena, upon Court approval, directed to the Bureau of Prisons.

    IT IS ORDERED that Plaintiff shall show cause in writing, **on or before October 14, 2019,** why Fast should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide any additional information he has about Fast.

    Failure to comply with this order may result in this court's recommendation that Defendant Fast be dismissed without prejudice for failure to serve process, for failure to comply with a court order or for failure to prosecute. (F. R. Civ. P. 41(b) and Local Rule 41-1.)

Initials of Preparer    kl